JOHN W. HUBER, United States Attorney (#7226)
BRANDEN B. MILES, Assistant United States Attorney (#9777)
JENNIFER E. GULLY, Assistant United States Attorney (# 15453)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BREANNE JANETTE WELLS, <br><br> Defendant. | Case No. 1:20-cr-80 <br><br> **UNITED STATES' POSITION REGARDING DETENTION** <br><br> Judge Cecilia M. Romero <br> United States Magistrate Judge |

☐    The United States is not seeking detention.

☐    Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒    The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

   ☐  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C.

§ 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more as prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**Rebuttable Presumption**

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☒ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

Ms. Wells has a history of absconding. Her sentencing hearing for her previous conviction for distribution of methamphetamine was originally set for September 5, 2006 but not held until January 16, 2007 because Ms. Wells absconded. (Case No. 2:06-cr-150-TS, Dkt. No. 35.) In 2016, when in BOP custody, Ms. Wells absconded again, which was the basis for her federal escape charge. (Case No. 2:16-cr-150-TS.)

Ms. Wells terminated her federal supervision for a federal escape charge (2:16-cr-150-TS) in October 2019 after she successfully completed Drug Court. She was ordered to complete Drug Court after a relapse in 2018 after a period of sobriety while at the House of Hope and her pregnancy.

Following the early termination of her supervised release, Ms. Wells stayed clean for a few months. She started using drugs again and eventually returned to selling and sourcing large quantities of methamphetamine.

In early September, 2020, the Ogden Metro Gang Unit received information that Ms. Wells would be delivering a significant amount of narcotics in the 500 block of 7th Street in Ogden, Utah. The source indicated that Ms. Wells would be driving a white BMW with California license plates and would approach the door with the drugs. Officers staged the area and observed a white BMW vehicle driven by Ms. Wells approach the arranged location. Officers recognized Ms. Wells based on previous interaction with her. Ms. Wells got out of the car with two purses and went to the door. Officers detained her at that point, and she agreed to speak with them after waiving her Miranda rights.

She told officers that she had relapsed and was at the location to deliver narcotics, that there were more in her car and in the hotel where she was staying that night because she had a fight with her boyfriend and was not returning to the home they shared.

Her three-year-old daughter, Bella, was asleep in the back seat of the car. The passenger in the car agreed to a search of her purse and had a user amounts of drugs in them. She ultimately left the scene with Bella.

Officers obtained search warrants for the car and Ms. Wells' purses. In her purses, Ms. Wells had methamphetamine, heroin, and cocaine, as well as marijuana and a baggie with miscellaneous pills. Ms. Wells also had a large amount of cash ($9,547.00), a notebook with pay-owe entries in it, and baggies. Despite telling officers that the car only had "ounces," officers found four pounds of methamphetamine and additional cash in the trunk of her car.

Officers obtained a search warrant for the hotel room that Ms. Wells had rented for the night. She had the key to the hotel room in her purse. In the hotel room, officers located methamphetamine, cocaine, psilocybin mushrooms, marijuana, and empty baggies.

Ms. Wells also went with officers to the house in West Valley that she was sharing with her boyfriend. He agreed to let officers search the house and directed them to the bedroom where officers found a money counter, a digital scale, three more pounds of vacuum-sealed methamphetamine, heroin, and empty baggies. Ms. Wells took responsibility for the three pounds of methamphetamine in the bedroom, explaining that

she had recently returned from San Diego, California where she had picked up 10 pounds of methamphetamine and brought it back to Utah for distribution.

The total amounts of charged narcotics (weighed in packaging) was as follows:
(a) 4065.4 grams of methamphetamine (8.9 pounds) (NIK tested positive); (b) 210.03 grams of heroin (7.4 ounces) (NIK tested positive); and (c) 21.8 grams of cocaine (NIK tested positive).

## Victim Notification

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

  ☐  The victim(s) in this matter seek(s) a no contact order.

☒  This matter does not involve a victim requiring notification.


DATED this 21st day of September, 2020.


\_\_\_/s/Jennifer E. Gully_____
Jennifer E. Gully
Assistant United States Attorney