IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BREANNE JANETTE WELLS,<br><br>　　　　　　Defendant. | Case No. 1:20-cr-80<br><br>ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Judge Robert J. Shelby<br>Chief United States District Court Judge |

　　　　Having considered the United States of America's Stipulated Motion to Continue Trial Date and Exclude Time under the Speedy Trial Act, as well as the District of Utah's General Orders 20-008, 20-009, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, and 21-001 regarding the Coronavirus Pandemic, the court hereby finds as follows:

　　　　This case is set for trial on March 23, 2021, which was the date set pursuant to the parties' stipulated motion to continue the trial date and exclude time under the Speedy Trial Act. (Dkt. Nos. 19 and 20).

　　　　The trial was initially scheduled for December 1, 2020 and set during Ms. Wells' initial appearance on the indictment in her case. (Dkt. No. 11.) December 1, 2020 was the outside date for trial under the Speedy Trial Act, 18 U.S.C. § 3161, and the triggering date for Speedy Trial Act purposes is September 22, 2020, the date that Ms. Wells was arraigned in this case. (*Id.*) The court's previous order excluded time between September 22, 2021 and March 23, 2021. (Dkt. No. 20.)

　　　　Ms. Wells was detained pending the resolution of the case. (Dkt. Nos. 14, 15, and 24.)

.

On March 16, 2020, the court entered a General Order suspending jury selection and jury trials scheduled to begin before May 1, 2020.  D. Ut. General Order No. 20-009, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  On March 13, 2020, the court entered another General Order imposing health- and travel-related limitations on access to court facilities.  D. Ut. General Order No. 20-008, In the Matter of Restrictions on Courthouse Entry during the Coronavirus (COVID-19) Pandemic.  These orders were "[c]onsistent with the Center for Disease Control and Prevention (CDC) Interim Guidance for Businesses and Employers and the Utah Department of Health recommended strategies[.]" D. Ut. General Order No. 20-008 at 1.  The court further explained that "President Trump on March 13, 2020 declared a National Emergency in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic."  D. Ut. General Order No. 20-009 at 1.  Additionally, "Governor Herbert has declared a state of emergency in Utah, prompting the Utah Supreme Court to implement the Utah State Courts Pandemic Response Plan at level 'Red.'"  Id.

On April 28, 2020, June 15, 2020, July 30, 2020, August 26, 2020, September 30, 2020, and October 29, 2020, the court entered further General Orders excluding the period from May 1, 2020, through February 1, 2021, from calculations under the Speedy Trial Act.  D. Ut. General Orders No. 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.

On January 22, 2021, the court entered another General Order excluding the period from February 1, 2021, through April 1, 2021, from calculations under the Speedy Trial Act.  D. Ut. General Order No. 21-001, In the Matter of Court Proceedings and Court Operations during the Coronavirus (COVID-19) Pandemic.  The Court explained that "[n]ew daily cases of COVID-19

in Utah have surged to unprecedented levels in recent months." *Id.* at 3.  The Court explained that "[t]he World Health Organization advises that the global pandemic is accelerating" and "Utah has now confirmed over 325,000 cases, resulting in nearly 13,000 hospitalizations and over 1,500 deaths." *Id.*  The Court noted that "the Salt Lake County area has experienced significant outbreaks of the virus in many of its jails" and that "[t]he available evidence continues to suggest difficulty tracking the real spread of COVID-19 because large numbers of infections remain undetected due to asymptomatic carriers, varying degrees of symptoms, a lack of adequate testing, and other factors." *Id.*

Given the grave public-health concerns reflected in this court's recent general orders and given the facts set forth in the United States' motion, which the Court incorporates fully here, the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

Failure to grant a continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

Failure to continue this case is also likely to put counsel, parties, witnesses, jurors, and court personnel at unnecessary risk.

Due to the restrictions imposed by current public-health concerns, it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from March 23, 2021 to [NEW DATE in September 2021].

2. The time period of March 23, 2021 to [NEW DATE in September 2021], inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

DATED this \_\_\_\_ day of March, 2021.

BY THE COURT:

_____
The Honorable Robert J. Shelby
Chief United States District Court Judge