# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BREANNE JANETTE WELLS,<br><br>Defendant. | Case No. 1:20-CR-00080-RJS<br><br>**ORDER OF FORFEITURE**<br><br>Chief Judge Robert J. Shelby |

The defendant has plead guilty. Dkt. No. 38. Having examined her factual admissions in support of the plea, Dkt. No. 40, and on the government's Motion for Order of Forfeiture, and good cause appearing, the court makes the following findings:

1. As a result of a guilty plea to Counts 1 and 2 of the Indictment, Possession of Methamphetamine and Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), under 21 U.S.C. § 853 the defendant must forfeit to the United States any property, real or personal, constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the said violations; and any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

2. Based on the information provided in the government's motion, the Indictment, and the guilty plea of the defendant that include her agreement regarding the forfeiture, the court finds that: $9,547.00 in United States currency is subject to forfeiture, that the defendant had an interest in said property, and that the government has established the requisite nexus between the subject property and the offense.

3. In accordance with Fed. R. Crim. P. 32.2(b)(1)(A), and 21 U.S.C. § 853, the above-described property is hereby forfeited to the United States of America.

4. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the above properties and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

5. Upon entry of this Order, the Attorney General or Secretary of the Treasury (or designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party interests, including giving notice of this Order.

6. In accordance with Fed. R. Crim. P. 32.2(b)(6) the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov. Notice shall be published for at least 30 consecutive days. The notice shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.

7. In accordance with 21 U.S.C. § 853(n)(2), any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n).

8. In accordance with 21 U.S.C. § 853(n)(3), any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or

interest in the property, any additional facts supporting the petitioner's claims, and the relief sought.

9.  The petition must be filed with the Clerk of the Court, U. S. District Court for the District of Utah, 351 S. W. Temple, Rm 1.100, Salt Lake City, UT 84101, and a copy served upon Assistant United States Attorney Cy H. Castle, 111 S. Main St., Ste. 1800, Salt Lake City, UT 84111-1506.

10. In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

12. Under Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment. Under Fed. R. Crim. P. 32.2(c)(2), if no third-party files a timely claim, this Order shall become the Final Order of Forfeiture.

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Dated this  10th  day of May, 2021.

ROBERT J. SHELBY, Chief Judge
United States District Court